UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVELEN, INC. d/b/a REMAX :
PROFESSIONALS :

VS : DOCKET NO.: 08-222S

AON RISK SERVICES, INC. OF :
MINNESOTA d/b/a AON :

**RULE 16 STATEMENT OF THE PLAINTIFF,**
**DAVELEN, INC. d/b/a REMAX PROFESSIONALS**

The plaintiff, Davelen, Inc. d/b/a Remax Professionals (hereinafter "Davelen" or "plaintiff") is pursuing this matter on two distinct bases, breach of contract and negligence. By way of background, Davelen does business as Remax Professionals in East Greenwich, Rhode Island. AON Risk Services, Inc. of Minnesota d/b/a AON ("AON") is an insurance broker.

**I. Breach of Contract.**

The fact that all elements necessary to create a contract between Aon and Davelen is not disputed. *See generally Smith v. Boyd, 553 A.2d 131 (R.I. 1989)*. In its answer, AON admits that "in or around June, 2005, AON of Minnesota orally agreed to assist plaintiff in procuring real estate professional services liability protection covering errors and omissions". *See Aon's Answer at ¶4*. Davelen asserts that its application was submitted with at **erroneous retroactive date** of July 1, 1999 *(emphasis added)*. This incorrect retroactive date was in breach of Aon's contract to obtain insurance for Davelen. Davelen had been in operation continuously for over 20 years, providing real estate broker services.

Furthermore, AON avers that the retroactive date requested in the application was left blank. (s*ee Answer at ¶6),* by Davelen, and the application

was submitted by AON to St. Paul with the retroactive question left blank. Davelen asserts that this act, standing alone, is a breach of the contract.

The retroactive date was ultimately filled in on the application according to the errors and omissions carrier, St. Paul. The retroactive date on the application was erroneous. That is, the date only went back to July 1, 1999, rather than the 20 years of Davelen's operation. This incorrect date has now exposed Davelen to a lawsuit without the benefits of coverage (i.e., defense or indemnification) which would have been available under the St. Paul's errors and omissions policy issued procured by AON for Davelen. [1]

**II. Negligence.**

Davelen has alleged that AON acted negligently when it submitted the application and as a result of that negligence, they have not had the benefit of the defense or indemnification from the policy of insurance of St. Paul that otherwise would have been available. Preliminarily, AON admits in its answer that it is an insurance broker. *See AON's Answer ¶10, Docket # 2*.

The Rhode Island Supreme Court has noted that a person might simultaneously represent two independent principals but that in an instance where an insurance agent represents several companies and has the freedom to choose the company with which he would place an insurance policy, the individual was an agent of the insured and not the insurer. *General Accident Ins. Co. v. American Nat'l Fire Proofing*, *716 A.2d 751 (R.I. 1998), citing Etheridge v. Atlantic Mutual Ins. Co., 480 A.2d 1341, 1346 (R.I. 1984)*. AON solicited the

[1] The lawsuit for which Davelen has no coverage is *Carisi et al v. RI Resource Recovery Corp., et al*, C.A. No.: 05-6429 pending in Providence County Superior Court.

business of Davelen in this matter. Furthermore, AON could have placed the policy with any eligible insurer. Therefore, AON was the agent of Davelen.

As an agent for Davelen, AON owes a duty to its clients to act with reasonable diligence. *Abilheira v. Trend, 1985 R.I. Supra Lexis 1(1985)*. Furthermore, "an insurance agent assumes those duties typically found in an agency relationship including the obligation to use reasonable care, diligence, and judgment in procuring the policy as requested by the insured." *Triton Realty v. Almeida*, *2006 R.I. Supra Lexis 29, citing Couch On Insurance, Duties and Liabilities of Agent, Section 25:37 at Page 336 (2nd edition 1984)*. Aon failed to exercise the proper standard of care, and is therefore liable to Davelen.

Finally, Davelen asserts that AON has breached its duty to exercise reasonable diligence in obtaining errors and omissions insurance for its real estate operations. AON either filed an application for insurance with an incorrect retroactive date or, in the alternative, filed an application with no retroactive date. Davelen's application and information given to AON clearly states that the real estate operations have been in existence for more than 20 years. Ultimately, for AON to obtain a "claims made" errors and omissions policy with a tail back to July 1, 1999, for a 20-year operation is negligent conduct. Furthermore, the negligence is the direct proximate result of a lack of diligence on the part of AON in reviewing the application, ensuring the proper facts were contained in the application, and explaining its elements prior to delivery to the insurer.

/s/ Rajaram Suryanarayan

Rajaram Suryanarayan (#4451)
GUNNING & LAFAZIA, INC.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 521-6900
Fax #: (401) 521-6901
Direct Dial #: (401) 521-2647

DATED: July 29, 2008.