UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVELEN, INC. d/b/a REMAX PROFESSIONALS,<br><br>Plaintiff,<br><br>v.<br><br>AON RISK SERVICES, INC. OF MINNESOTA d/b/a AON,<br><br>Defendant. | CIVIL ACTION<br>NO. 08-cv-00222-S-LDA |

**DEFENDANT'S LOCAL RULE CV 16 STATEMENT**

Pursuant to DRI LR Cv 16(b), Defendant Aon Risk Services Central, Inc. (successor by merger to Aon Risk Services, Inc. of Minnesota) ("Aon") submits the following statement.

**A. First Affirmative Defense: Failure to State a Claim Upon Which Relief Can Be Granted**

This case arises from Aon's agreement in or around June 2005 to assist Plaintiff Davelen, Inc. d/b/a Remax Professionals ("Remax") in procuring real estate professional services liability protection covering errors and omissions. Remax asserts that Aon submitted Remax's application for insurance to the insurance carrier with an incorrect retroactive date. It was, however, Remax who advised Aon that the retroactive date should be July 1, 1999. Based on that information, Aon provided the specific date to the insurance carrier. The law is that "a broker's duty is dependent on the request of the insured." *Kenney Mfg. Co. v. Starkweather & Shepley, Inc.*, 643 A.2d 203, 208 (R.I. 1994). Here, Remax unequivocally told Aon the retroactive date was July 1, 1999; hence, the extent of Aon's duty was to assist in procuring insurance coverage with a retroactive date of July 1, 1999. Therefore, Remax has failed to state a claim for either breach of contract or negligence.

**B. Second Affirmative Defense: Waiver and Estoppel**

Waiver exists where there has been a voluntary relinquishment by Remax of a known right by action or inaction. *Pacheco v. Nationwide Mut. Ins. Co.*, 337 A.2d 240, 242 (R.I. 1975). Estoppel exists where Aon has relied to its detriment on Remax's conduct and bars Remax "from raising certain rights or privileges when it would be inequitable to permit their assertion." *Id.* By affirmatively informing Aon that the retroactive date should by July 1, 1999, and by signing and accepting the proposal of insurance that clearly stated the retroactive date was July 1, 1999, Remax is barred from pursuing its claims by the doctrines of waiver and estoppel.

**C. Third Affirmative Defense: Comparative Negligence**

Under Rhode Island law, even if a plaintiff succeeds in proving the negligence of the defendant, the plaintiff's damages are reduced in proportion to the plaintiff's own fault. *Gliottone v. Ethier*, 870 A.2d 1022, 1028-29 (R.I. 2005) (citing R.I. Gen. Laws § 9-20-4). By affirmatively informing Aon that the retroactive date should be July 1, 1999, and by signing and accepting the proposal of insurance that clearly stated the retroactive date was July 1, 1999—when it is now Remax's position that the retroactive date should have been some date in 1985—Remax has acted negligently, and any damages assessed against Aon must be reduced proportionately by Remax's own negligence.

**D. Fourth Affirmative Defense: No Damages**

Damages are an element of both a breach of contract claim and a negligence claim, and must be proximately caused by a defendant's conduct. Here, it was Remax's conduct (by affirmatively informing Aon that the retroactive date should be July 1, 1999) that caused any damages.

**E. Fifth Affirmative Defense: Failure to Mitigate Damages**

A plaintiff claiming injury as a result of breach of contract or tort "has a duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages." *Bibby's Refrigeration, Heating & Air Conditioning, Inc. v. Salisbury*, 603 A.2d 726, 729 (R.I. 1992). Remax claims damages as a result of defense costs and other damages incurred in the underlying

case. To mitigate damages, Remax must both minimize its defense costs and competently defend against the claims made against Remax in the underlying case.

**F. Sixth Affirmative Defense: Statute of Limitations**

Real estate malpractice actions are subject to a three year statute of limitations under Rhode Island law. R.I. Gen. Laws. § 9-1-14.1. Plaintiffs in the underlying case allege actions by Remax in 1998 that allegedly give rise to Remax's liability. Plaintiffs in the underlying case did not sue Remax until 2005, well outside of the applicable limitations period. It is Aon's understanding that Remax did not move to dismiss the underlying complaint on statute of limitations grounds. Therefore, in conjunction with the affirmative defense of failure to mitigate damages, this affirmative defense bars Remax's claims against Aon.

**G. Seventh Affirmative Defense: Economic Loss Doctrine**

The economic loss doctrine precludes certain parties from "recovering purely economic losses in a negligence cause of action." *Boston Inv. Prop. # 1 State v. E.W. Burman, Inc.*, 658 A.2d 515, 517 (R.I. 1995). Here, particularly where Remax is asserting a contract cause of action and related damages, it should not also be allowed to recover in negligence for its purely economic losses.

**H. Eighth Affirmative Defense: No Attorneys' Fees or Punitive Damages**

Remax has not identified any basis for claiming attorneys' fees or punitive damages. Punitive damages are not available in contract actions "absent the most egregious circumstances." *O'Coin v. Woonsocket Inst. Trust Co.*, 535 A.2d 1263, 1266 (R.I. 1988). Even in negligence cases, punitive damages require "an element of willfulness, recklessness, or wickedness on the part of the party at fault so as to amount to criminality." *Izen v. Winoker*, 589 A.2d 824, 829 (R.I. 1991) (citation omitted). Moreover, to the extent Remax seeks damages from Aon in the amount of any punitive damages assessed against Remax in the underlying case, that claim is barred because Remax's errors and omissions insurance policy did not provide for multiple damages, and it is against Rhode Island public policy to shift liability for punitive damages. *Allen v. Simmons*, 533 A.2d 541, 543-44 (R.I.1987).

Aon reserves the right to revise its positions as discovery proceeds in this action.

**Aon Risk Services Central, Inc., successor by merger to Aon Risk Services, Inc. of Minnesota,**

By its attorneys,

/s/ Gordon P. Cleary
Gordon P. Cleary, No. 1948
gcleary@vetterandwhite.com
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
T: 401.421.3060
F: 401.272.6803

Janice W. Howe (admitted pro hac vice)
janice.howe@bingham.com
Cynthia M. Guizzetti (admitted pro hac vice)
cynthia.guizzetti@bingham.com
BINGHAM MCCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726
T: 617.951.8000
F: 617.951.8736

Dated: July 31, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non-registered participants on July 31, 2008.

/s/ Gordon P. Cleary